## 68746. LIVELY v. THE STATE.

DEEN, Presiding Judge.

On November 21, 1983, the appellant, Larry Lively, pleaded guilty to a charge of theft by taking, for which he was sentenced to a

term of 7 years probation. On December 20, 1983, the appellant was arrested and charged with the theft of a Ruger .22 caliber pistol (and on January 4, 1984, an additional charge was made for being a convicted felon in possession of a firearm). On February 24, 1984, the superior court revoked the appellant's probation, finding that the appellant had breached two conditions of his probation by violating a criminal law and having a firearm in his possession.

On appeal, Lively contends that revocation of his probation was error because he had not been informed of the conditions of his probation prior to the alleged violations. This contention, however, is squarely contradicted by the order of probation, dated November 21, 1983, and signed by the appellant, which clearly delineated the terms of his probation. Moreover, at the revocation hearing, the appellant's probation officer testified that she had explained those conditions to him on that date. The appellant thus had been informed of the conditions of his probation, and review of the transcript reveals much more than the requisite slight evidence to revoke his probation.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED JULY 3, 1984.

*John B. Thigpen, Sr.*, for appellant.
*Harry D. Dixon, Jr., District Attorney, George E. Barnhill, Assistant District Attorney*, for appellee.